## WISEMAN v. STATE. (No. 10432.)

(Court of Criminal Appeals of Texas. Nov. 24, 1926.)

**I. Homicide ⟷250—Evidence held to support conviction for murder.**

Evidence that deceased was stabbed from behind *held* to support conviction of woman for murder, on her plea of self-defense, rather than for manslaughter.

**2. Criminal law ⟷1159(3)—Jury's verdict on conflicting evidence cannot be disturbed.**

Jury's verdict on conflicting evidence cannot be disturbed on appeal; it being their province to reconcile conflicts if possible or accept evidence which seems to them most entitled to credit.

Appeal from District Court, Sabine County; V. H. Stark, Judge.

Gladys Wiseman was convicted of murder, and she appeals. Affirmed.

Minton & Minton, of Hemphill, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Appeal is from a conviction for murder; punishment being seven years in the penitentiary.

Appellant killed Theo Sweet by stabbing him with a knife. Both parties were negroes, as were all eyewitnesses to the killing.

No complaint is made as to anything occurring during the trial; the only question being a challenge to the sufficiency of the evidence.

[1] A number of negroes, including appellant and deceased, had been attending a baseball game, and were on their way home. Deceased was walking with one Lou Eva Green, holding her hand, when appellant came up from behind and stabbed deceased in the neck, the wound inflicted being on the left side but more to the front. Appellant was left-handed, and used the knife in her left hand. Some of the witnesses were walking in front of deceased and Lou Eva and some behind them. The state's witnesses claim that the blow was delivered while deceased's back was to appellant; her witnesses claim that deceased had turned and was facing appellant and was in the act of striking and threatening to strike her when she stabbed him. The doctor's description of the wound would indicate that the blow was delivered from the front, necessarily depending, however, on the position of the knife in appellant's hand at the time. One of appellant's witnesses said deceased had his side to her, and that she struck him from behind, and that she struck him from behind. A state's witness said she struck him from behind over his left shoulder.

[2] There is no more conflict in the evidence than is usually found where the testimony comes from the class of witnesses who, outside of the physician, testified in the present case. It is the province of the jury to reconcile such conflicts or, if this cannot be done, to accept the evidence which seems to them most entitled to credit. The court gave a charge which met appellant's approval upon the issues of murder, manslaughter, and self-defense. Analysis of the facts before us lead to the conclusion that the jury was within their province when they rejected the plea of self-defense and found against the manslaughter issue. We think it beyond our proper authority to disturb the verdict.

The judgment is affirmed.